UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II,

    Plaintiff,

v.

NORBERT FRONCZAK,

    Defendant.
_____/

Case No.  2:23-cv-12346
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION (ECF No. 16)[1]**

I.    Introduction

This is a prisoner civil rights case.  Plaintiff Robert Annabel, II (Annabel), proceeding *pro se*, filed a complaint against Norbert Fronczak (Fronczak) alleging that Fronczak threatened to write Annabel a ticket and restrict his access to the law library if Annabel filed any additional grievances against Fronczak.  See ECF No. 1.  At the time of the incident, Annabel was incarcerated at the Macomb Correctional Facility, but he has since been moved to the Ionia Correctional

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

Facility. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 19).

Before the Court is Fronczak's motion for summary judgment on the basis of exhaustion. (ECF No. 16). Annabel has filed a response, (ECF No. 18), and the time for Fronczak to file a reply has passed. For the reasons that follow, the undersigned recommends that the motion be DENIED.

## II.  Background

Annabel filed this complaint on September 15, 2023. (ECF No. 1).[2] As background, he explains that prior to August 29, 2023, he filed several grievances and a lawsuit against Fronczak for allegedly issuing a false misconduct charge and otherwise wrongfully restricting Annabel's access to the law library. (*Id.*, PageID.2; *see Annabel v. Fronczak*, Case No. 2:23-cv-11123). Annabel then explains that in August 2023, he assisted another inmate in writing two grievances against Fronczak for denying access to the law library. (ECF No. 1, PageID.3).

On August 29, 2023, Annabel alleges that Fronczak told the other inmate that if they continued to file grievances, Fronczak would "write [him] and Annabel both a ticket." (*Id.*). During the same callout, Fronczak told Annabel, "Don't you file anymore grievances either, or you won't get any more law library callouts

---

[2] Annabel is a frequent litigator in this district. Indeed, by his own admission, he "has filed 17 lawsuits while incarcerated, with several of these lawsuits still pending." (ECF No. 1, PageID.1).

2

when I write another ticket." (*Id.*). Annabel states that this threat of retaliation was sufficiently adverse to deter him from filing any additional grievances. (*Id.*). He also argues that the filing of additional grievances would be futile because the MDOC rejects or denies 99 percent of prisoner grievances. (*Id.*).

### III. Legal Standards

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco*

3

*Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Annabel is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

IV. Discussion

1. Standard for Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their

responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

"The grievance process is exhausted once the final response is issued in Step III." *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

2. Application

Fronczak argues that his motion for summary judgment should be granted because Annabel failed to file a grievance related to Fronczak's alleged threat to

retaliate if Annabel filed any additional grievances. (ECF No. 16, PageID.152). The Step III Grievance Report attached to Fronczak's motion indicates that Annabel did not file any Step I grievances between July 17, 2023, and October 3, 2023. (ECF No. 16-3, PageID.167). Annabel does not dispute this. In his response, Annabel admits that he did not file a grievance related to Fronczak's alleged threat until January 2024. (ECF No. 18, PageID.189). However, Annabel argues the grievance process was unavailable to him because Fronczak threatened to retaliate if Annabel filed any additional grievances.[3] (*Id.*, PageID.188-189).

In his motion for summary judgment, Fronczak does not address this argument. Fronczak also neglected to file a reply in which he could have addressed Annabel's argument. Not only did Annabel raise the argument in his response, but he also explicitly stated it in his complaint. (ECF No. 1, PageID.3) (alleging that "[t]his threat of retaliation was sufficiently adverse to deter both Plaintiff and [another prisoner] from filing additional grievances ….").

Under the PLRA, a prisoner-plaintiff need only exhaust all "available" remedies, *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and administrative remedies are not considered "available" to inmates "when prison administrators thwart

---

[3] Annabel also argues that filing a grievance would have been futile. (ECF No. 18, PageID.189-190). However, this argument fails because under the PLRA, "exhaustion is required even if the prisoner subjectively believes…the procedure to be ineffectual or futile." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citing *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006)).

6

inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016); *see also Himmelreich v. Federal Bureau of Prisons*, 766 F.3d 576 (6th Cir. 2014) (vacating the district court's grant of summary judgment on the basis of a failure to exhaust because the plaintiff alleged that a prison staff member had threatened to transfer him to a penitentiary where he would be more likely to be attacked if he filed a grievance).

Fronczak, as the moving party, has the burden of proving that no genuine issue of material fact exists. He has not carried this burden because he has not responded to Annabel's central allegation regarding exhaustion, *i.e.*, that the process was not available to Annabel based on Fronczak's alleged threat. Fronczak had the opportunity to respond to this allegation both in his motion and in a reply brief had he submitted one. On this record, there is a genuine dispute of material fact regarding whether Fronczak's alleged threat was sufficient to render administrative remedies unavailable and excuse Annabel's failure to file a grievance. As such, Fronczak's motion for summary judgment based on exhaustion should be denied.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Fronczak's motion for summary judgment on the basis of exhaustion, (ECF No.

7

16), be DENIED.  If this recommendation is adopted, the undersigned will issue a scheduling order for merits based discovery.

| | |
|---|---|
| Dated: September 19, 2024<br>Detroit, Michigan | s/Kimberly G. Altman<br>KIMBERLY G. ALTMAN<br>United States Magistrate Judge |

### **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

8

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2024.

s/Julie Owens<br>
Case Manager