UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANNABEL, II,<br><br>    Plaintiff,<br><br>v.<br><br>NORBERT FRONCZAK,<br><br>    Defendant. | Case No. 23-12346<br><br>Honorable Robert J. White |

**ORDER OVERRULING OBJECTION, AFFIRMING ORDER, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robert Annabel filed this prisoner civil rights case after the prison law librarian defendant allegedly threatened to retaliate if Plaintiff filed a grievance against him. *See* ECF No. 1. The Court referred the case to Magistrate Judge Kimberly G. Altman for all pretrial matters. *See* ECF Nos. 11, 19. Defendant then moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies through the prison's grievance process before filing suit. *See* ECF No. 16. And Plaintiff moved to compel discovery. *See* ECF No. 21. In separate orders, Magistrate Judge Altman recommended denying Defendant's dispositive summary-judgment motion, *see* ECF No. 22, and denied Plaintiff's non-

dispositive motion to compel as premature, *see* ECF No. 23.  Plaintiff then filed a timely objection targeting both orders.  *See* ECF No. 24

## I.    Legal standards

The Court reviews de novo objections to a report and recommendation that are "specific," Fed. R. Civ. P. 72(b), and not "frivolous, conclusory[,] or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up).  The Court need not review unobjected-to issues.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court reviews objections to a non-dispositive order only to see if "any part of the order" is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  It is "extremely difficult to justify" altering such an order.  12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.).  Only a "definite and firm conviction" that a finding is incorrect, *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008), or the law was misapplied, *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019), will suffice.

## II.    Objection

Plaintiff filed a single objection that targets both of Magistrate Judge Altman's rulings; at its heart is a belief that Magistrate Judge Altman has somehow deprived Plaintiff of the chance to conduct discovery in this case.  *See* ECF No. 24, PageID.237 (implying Plaintiff could not "discover objective evidence" about the Michigan Department of Corrections (MDOC) grievance system), PageID.238 (stating that "[a] party should be allowed an opportunity to conduct discovery prior

2

to a court ruling on a motion for summary judgment"), PageID.238-239 (claiming to have "requested … discovery to further obtain objective evidence" about MDOC's actions), PageID.241 (arguing Plaintiff "should have been allowed an opportunity for discovery" in order "to raise … arguments as alternative grounds against Defendant's motion [for summary judgment] as filed to be denied"). This belief is unfounded.

For starters, Magistrate Judge Altman recommended that the Court deny Defendant's case-ending summary-judgment motion, not grant it. *See* ECF No. 22, PageID.230. Her reasoning was clear and correct: Defendant failed to discharge his burden under Rule 56 by passing on two chances to address Plaintiff's "central allegation regarding exhaustion, *i.e.*, that the process was not available to [Plaintiff] based on [Defendant's] alleged threat," so "[o]n this record, there is a genuine dispute of material fact regarding whether [Defendant's] alleged threat was sufficient to render administrative remedies unavailable and excuse [Plaintiff's] failure to file a grievance." ECF No. 22, PageID.230. Nothing about this recommendation limits Plaintiff's ability to conduct discovery in this case moving forward.

Indeed, as Magistrate Judge Altman predicted in her second order, the recommendation will have the opposite effect: the only reason discovery has yet to start is because Defendant "filed a motion for summary judgment on the basis of exhaustion"—if and when the Court adopts her recommendation to deny the motion,

3

she will "enter a scheduling order allowing the parties to conduct merits discovery." ECF No. 23, PageID.234-235 (denying motion to compel "without prejudice"). The Court will do just that here. And the case will proceed just as Magistrate Judge Altman predicted. There was nothing wrong with her saying so in her ruling, much less something about it that was "clearly erroneous or … contrary to law." Fed. R. Civ. P. 72(a).

In sum, after reviewing Plaintiff's objection, the record, and the challenged orders, the Court deems Magistrate Judge Altman's conclusions well-reasoned, factually based, and legally sound. Accordingly,

The Court OVERRULES Plaintiff's objection (ECF No. 24), AFFIRMS Magistrate Judge Altman's order denying Plaintiff's motion to compel (ECF No. 23), ADOPTS Magistrate Judge Altman's report and recommendation (ECF No. 22), and DENIES Defendant's motion for summary judgment (ECF No. 16).

Dated: October 7, 2024                                s/Robert J. White
                                                      Robert J. White
                                                      United States District Judge