UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II,

    Plaintiff,

v.

NORBERT FRONCZAK,

    Defendant.
_____/

Case No.  2:23-cv-12346
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

### ORDER DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED SUPPLEMENTAL COMPLAINT (ECF No. 28)[1]

I. Introduction

This is a prisoner civil rights case.  Plaintiff Robert Annabel, II (Annabel), proceeding *pro se*, filed a complaint against Norbert Fronczak (Fronczak) alleging that Fronczak threatened to write Annabel a ticket and restrict his access to the law library if Annabel filed any additional grievances against Fronczak.  *See* ECF No. 1.  At the time of the incident, Annabel was incarcerated at the Macomb Correctional Facility, but he has since been moved to the Ionia Correctional Facility.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

undersigned. (ECF No. 19).

Before the Court is Annabel's motion to file an amended supplemental complaint. (ECF No. 28). In his motion, Annabel seeks to add Lawrence McKinney (McKinney) as a defendant and include a new retaliation claim against both Fronczak and McKinney. Fronczak has filed a response (ECF No. 30), and Annabel has filed a reply. (ECF No. 33). For the reasons discussed below, this motion will be DENIED.

## II. Background

Annabel filed the complaint on September 15, 2023. (ECF No. 1). As background, he explains that prior to August 29, 2023, he filed several grievances and a separate lawsuit against Fronczak for allegedly issuing a false misconduct charge and otherwise wrongfully restricting Annabel's access to the law library. (*Id.*, PageID.2); *see also Annabel v. Fronczak*, Case No. 2:23-cv-11123 (pending before a different judge). Annabel then explains that in August 2023, he assisted another inmate in writing two grievances against Fronczak for denying access to the law library. (ECF No. 1, PageID.3).

On August 29, 2023, Annabel alleges that Fronczak told the other inmate that if they continued to file grievances, Fronczak would "write [him] and Annabel both a ticket." (*Id.*). During the same callout, Fronczak told Annabel, "Don't you file anymore grievances either, or you won't get any more law library callouts

when I write another ticket." (*Id.*). Annabel states that this threat of retaliation was sufficiently adverse to deter him from filing any additional grievances. (*Id.*).

In his motion to file an amended supplemental complaint, Annabel explains that when the complaint was filed, Fronczak had not yet acted on his threat. (ECF No. 28, PageID.257). However, when Annabel filed another grievance about four months later, Fronczak conspired with McKinney to carry out that threat by issuing a retaliatory misconduct charge on January 26, 2024. (*Id.*). Fronczak argues that the motion should be denied because the allegations are not linked to the original complaint and amendment would be futile. (ECF No. 30).

### III.   Legal Standard

Under Fed. R. Civ. P. 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Motions to supplement under Rule 15 should be liberally granted. *Weisbord v. Michigan State University*, 495 F. Supp. 1347, 1350 (W.D. Mich. 1980). The same considerations apply to a motion to supplement under Rule 15(d) as to a motion to amend under Rule 15(a). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). These considerations include whether there was an "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and

3

futility of amendment." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

IV. Discussion

In his motion to supplement the complaint, Annabel says that on January 26, 2024, Fronczak and McKinney conspired to issue him a "false Interference with Administration of Rule misconduct charge" asserting that a grievance he filed earlier that month was untruthful. (ECF No. 28, PageID.263). Annabel was ultimately found not guilty due to the vagueness of his grievance and a lack of documentation. (*Id.*, PageID.271).

Although the misconduct was issued on January 26, 2024, Annabel did not file a motion to supplement his complaint until December 12, 2024. Annabel has not explained why he waited nearly eleven months to file his motion to supplement the complaint and add a new claim and a new defendant. Currently, discovery is scheduled to close on February 7, 2025, and dispositive motions are due by March 7, 2025. (ECF No. 26). Allowing Annabel to supplement his complaint would unnecessarily prolong the litigation because McKinney would need additional time to undertake discovery, as would Fronczak, and both parties would need even more time to file any additional dispositive motions.[2] Overall, there is no apparent reason for Annabel to have waited until this stage in the litigation to add an

---

[2] Fronczak has already filed a motion for summary judgment on the grounds of exhaustion that was denied. (ECF Nos. 16, 22, 25).

4

additional claim and defendant. Because his motion was unduly delayed and would prejudice defendant, Annabel will not be permitted to supplement the complaint.

## V. Conclusion

For the reasons discussed above, Annabel's motion to file an amended supplemental complaint, (ECF No. 28), is DENIED.

SO ORDERED.

Dated: January 10, 2025             s/Kimberly G. Altman
Detroit, Michigan                  KIMBERLY G. ALTMAN
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2025.

                                                            s/ Julie Owens
                                                            JULIE  OWENS
                                                            Case Manager