UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II,

    Plaintiff,

v.

NORBERT FRONCZAK,

    Defendant.
_____/

Case No.  2:23-cv-12346
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

# ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 29)[1]

## I.    Introduction

This is a prisoner civil rights case.  Plaintiff Robert Annabel, II (Annabel), proceeding *pro se*, filed a complaint against Norbert Fronczak (Fronczak) alleging that Fronczak threatened to write Annabel a ticket and restrict his access to the law library if Annabel filed any additional grievances against Fronczak.[2]  *See* ECF No. 1.  At the time of the incident, Annabel was incarcerated at the Macomb Correctional Facility, but he has since been moved to the Ionia Correctional

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

[2] Annabel is a prolific litigator in this district.  According to the Court's electronic case management system, Annabel has filed a total of fourteen cases, three of which are currently pending.

1

Facility. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 19). Under the current scheduling order, discovery closes on February 7, 2025, and dispositive motions are due by March 7, 2025. (ECF No. 26).

Before the Court is Annabel's motion to compel discovery. (ECF No. 29). Fronczak has filed a response (ECF No. 31), and Annabel has filed a reply. (ECF No. 32). For the reasons discussed below, Annabel's motion is DENIED.

## II.   Background

Annabel filed this motion to compel on December 16, 2024. (ECF No. 29). In it, he seeks to compel Fronczak to respond to Interrogatories Nos. 5, 6, 7, 8, 9, 10, 13, and 18, as well as Document Requests Nos. 1, 2, and 3. (*Id.*). The relevant interrogatories state as follows:

> 5. In the last six years of MDOC Step III Grievance record keeping of <u>all</u> prisoners:
>    a. How many total Step III grievance appeals were filed state-wide?
>    b. How many of those appeals [were] rejected or not processed at all?
>    c. How many of those appeals were denied on the merits?
>
> 6. In the last six years of MDOC Step III Grievance record keeping of Plaintiff's filings:
>    a. How many total Step III grievance appeals were filed by him?
>    b. How many of those appeals were rejected or not processed at all?
>    c. How many of those appeals were denied on the merits?

2

7. Cite the grievance identifier numbers for all Step III grievances that Plaintiff has filed against you since June 1, 2022?

8. Of those Step I grievances filed against you:
   a. How many were rejected?
   b. How many were denied on the merits?

9. Based on MDOC record keeping at the Macomb Correctional Facility for June 1, 2022, to October 1, 2023, how many Step I grievances filings by <u>all</u> prisoners at that facility:
   a. How many total filings?
   b. How many were rejected?
   c. How many were denied on the merits?

10. Explain whether you have ever been disciplined, reprimanded, excused from a work day, or other corrective action was taken by the MDOC, even including dismissed allegations of misconduct, related to your work performance.

13. Explain the difference of charging elements and potential consequences to a prisoner between a Class II Disobeying a Direct Order misconduct charge and a Class III minor misconduct charge for violation of posted rules.

18. For purposes of whether MDOC has an interest in not acknowledging employee misconduct, does it usually indemnify its employees and provides [sic] them means of legal representation, in a prisoner lawsuit of a monetary damages award or a monetary settlement?

(*Id.*, PageID.284-289).  Annabel's document requests state as follows:

1. MDOC Prisoner Step III grievance records for the final results of <u>all</u> prisoners' grievance appeals filed in the last 6 years, and not only those limited to Plaintiff himself.

2. All monthly grievance reports filed by the grievance coordinator at Macomb Correctional Facility, as required by Policy Directive 03.02.130, Paragraph P, for <u>all</u> prisoners' grievances filed at that

3

>   facility in the last 6 years at Step I and Step II, and not only those limited to Plaintiff himself.
>
> 3. Norbert Fronczak's entire MDOC employee misconduct file, work performance evaluations, internal affairs investigation reports of his alleged misconduct, even if not disciplined, or other similar documents.

(*Id.*, PageID.292-293). Annabel also requests the costs of preparing the motion. (*Id.*, PageID.281).

### III. Legal Standard

The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the Court. Fed. R. Civ. P. 26(b)(1); *see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters, and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.") (internal citation omitted). Discovery is more liberal than

4

even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Fed. R. Civ. P. 37(a)(3)(B), which states, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." If the motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

IV. Discussion

Annabel's claim against Fronczak is for retaliation in violation of the First Amendment based on Fronczak's alleged threat. However, Interrogatories Nos. 5, 6, 7, 8, and 9, and Document Requests Nos. 1 and 2 concern the entire grievance process at MDOC. In these requests, Annabel asks for all Step III prisoner grievances, including his own, and the outcomes of all those grievances. This potentially encompasses thousands of pages of information that is neither relevant nor proportional to the needs of the case. The outcome of every prisoner grievance from the last six years, or even just the outcome of just Annabel's grievances over that period of time, has no bearing on whether Fronczak's alleged threat violated

Annabel's First Amendment rights by deterring him from filing additional grievances.  Further, as Fronczak explained in his responses, as the library assistant, he does not have access to every prisoner grievance ever filed, or even grievances filed by Annabel.  (ECF No. 31, PageID.306).

Similarly, Interrogatory No. 18 asks whether MDOC has an interest in denying prisoner grievances.  This is not relevant to Annabel's claim that Fronczak violated his First Amendment rights when he threatened to write him a ticket and restrict his law library access.  Annabel did not file a grievance related to this threat; it is therefore irrelevant whether MDOC has an interest in denying prisoner grievances.

Next, Interrogatory No. 10 and Document Request No. 3 both attempt to ascertain whether Fronczak has ever committed misconduct while working at MDOC or otherwise gotten negative feedback as an employee. Again, this request is overbroad and not relevant to whether Fronczak violated Annabel's First Amendment rights on the particular occasion in question.  Finally, Interrogatory No. 13 asks Fronczak to explain the difference between the charging elements and consequences of Class II and III misconducts.  Annabel argues that this is relevant because he "intends to admit into evidence…a prior retaliatory charge of Disobeying a Direct Order misconduct report that Fronczak issued [him]."  (ECF No. 29, PageID.281).  It is, again, unclear how the difference between Class II and

6

III misconducts is relevant. Annabel does not allege that Fronczak issued a misconduct ticket in this case, but rather that he threatened to do so. Therefore, showing whether Fronczak knows the difference between the different classes of misconducts is not relevant to the claim in this case.

## V. Conclusion

For the reasons discussed above, Annabel's motion to compel, (ECF No. 29), is DENIED. Because Annabel's motion is denied, his request for costs is also DENIED.

SO ORDERED.

Dated: January 10, 2025  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2025.

s/Julie Owens  
JULIE OWENS  
Case Manager