UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANNABEL, II,<br><br>    Plaintiff,<br><br>v.<br><br>NORBERT FRONCZAK,<br><br>    Defendant. | Case No. 23-cv-12346<br><br>Honorable Robert J. White<br>Magistrate Kimberly G. Altman |

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) OVERRULING DEFENDANT'S OBJECTION, AND (3) ADOPTING THE REPORT AND RECOMMENDATION**

Plaintiff Robert Annabel, II sued Defendant Norbert Fronczak for an alleged violation of his First Amendment rights. (ECF No. 1, PageID.4). Annabel proceeds *pro se* and is incarcerated at the Macomb Correctional Facility (Macomb), where the events at issue took place. (*Id.* at PageID.2). The Court referred the case to Magistrate Judge Kimberly G. Altman for all pretrial proceedings. (ECF No. 11).

Fronczak works as the Assistant Law Librarian at Macomb. (ECF No. 63-3, PageID.539). Annabel alleged that Fronczak retaliated against him for filing grievances on behalf of himself and for assisting another inmate, Devin Campisi, with his grievances against Fronczak. (ECF No. 1, PageID.3). The retaliatory conduct consisted of a series of threats made by Fronczak to Annabel and Campisi

on August 29, 2023. (*Id.*; ECF No. 63-2, PageID.536). Fronczak specifically threatened to restrict both Annabel's and Campisi's law library access if (1) Campisi filed more grievances written by Annabel on Campisi's behalf and (2) if Annabel filed more grievances generally. (ECF No. 1, PageID.3; ECF No. 63-2, PageID.536). Annabel and Campisi perceived the threats as sufficiently adverse to deter both from filing additional grievances. (ECF No. 1, PageID.3). Prior to the August 29 incident, Annabel had filed at least ten hand-written grievances against Fronczak and testified to writing a grievance against Fronczak for an incident on March 29, 2023. (ECF No. 63-2, PageID.535; ECF No. 65, PageID.575).

Fronczak moved for summary judgment on Annabel's retaliation claim. (ECF No. 63). Fronczak argued that Annabel's provision of assistance to Campisi was not protected by the First Amendment and that Annabel's grievances prior to August 29 did not cause the adverse action. (*Id.* at PageID.512–19). Because Annabel failed to allege all the elements of his retaliation claim, the claim failed as a matter of law. (*Id.* at PageID.519). Fronczak also claimed he was entitled to qualified immunity. (*Id.* at PageID.520–21).

Magistrate Judge Altman filed a report and recommendation (R&R) on December 16, 2025, recommending that the motion for summary judgment be denied. (ECF No. 71). Judge Altman found a material dispute of fact existed as to whether Annabel's previous protected conduct – filing grievances against Fronczak

2

– was the but-for cause of Fronczak's supposed retaliation. (*Id.* at PageID.652–57). Judge Altman also found that Fronczak was not entitled to qualified immunity. (*Id.* at PageID.657–59).

Both Annabel and Fronczak filed timely objections to the report and recommendation. (ECF No. 73; ECF No. 75). For the following reasons, the Court will (1) overrule Annabel's objections to the report and recommendation, (2) overrule Fronczak's objection the report and recommendation, and (3) adopt the report and recommendation.

I. **Legal Standard**

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce*, 893 F.3d at 346 (citation omitted) (citation modified).

II. **Analysis**

Annabel raised two objections to the R&R. Fronczak raised one objection to the R&R. For the reasons stated below, the Court will overrule both parties'

3

objections. In addition, the Court finds the magistrate judge reached the correct conclusions for the appropriate reasons and will adopt the R&R.

### A. Plaintiff's Objections

Annabel raised two objections. (ECF No. 73, PageID.669–73). First, Annabel argued that the magistrate judge applied the incorrect legal standard to his retaliation claim as it relates to his provision of assistance to other prisoners. (*Id.* at PageID.669). Second, Annabel objected to the R&R to the extent it excluded consideration of the misconduct report attached as Exhibit 4 to his response to Fronczak's summary judgment motion. (*Id.* at PageID.671–73). After reviewing the relevant portions of the R&R de novo, the Court finds the objections are meritless.

To start, the magistrate judge did not apply the wrong standard to Annabel's retaliation claims. Annabel claimed that helping other prisoners write grievances is protected conduct under the First Amendment. (*Id.* at PageID.669). To support his argument, Annabel relied on *Shaw v. Murphy*, 532 U.S. 223 (2001). (ECF No. 73, PageID.669–70). There, the Supreme Court held that the provision of legal assistance receives no protection "above and beyond the protection normally accorded prisoners' speech." *Shaw*, 532 U.S. at 232.

In the Sixth Circuit, an "inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Heyward v. Cooper*, 88

4

F.4th 648, 658 (6th Cir. 2023) (citation omitted). "But an inmate does not generally have an independent right to help other prisoners with their grievances." *Id.* A limited exception exists for when the inmate "'receiving the assistance would otherwise be unable to pursue legal redress.'" *Id.* (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). The Sixth Circuit's refusal to recognize an independent right to aid other inmates accords with the Supreme Court's holding in *Shaw*. That is, *Shaw* concerned the constitutionality of rules set by the prison itself. 532 U.S. at 226–27. And the Supreme Court ultimately declined to extend First Amendment protections to the provision of legal assistance beyond its normal boundaries. *Id.* at 231–32. There is no reason to believe, then, that *Shaw* constrains the circuit court's ability to establish boundaries for what speech is or is not protected under the First Amendment.

Here, the Sixth Circuit set the boundaries for when a prisoner's speech in this scenario is protected. *See Heyward*, 88 F.4th at 658. The magistrate judge found that Annabel's assistance to Campisi did not fall within those boundaries. (ECF No. 71, PageID.652–53). The Court agrees with that analysis and will thus overrule Annabel's first objection.

The thrust of Annabel's second objection is that the magistrate judge erred in considering the misconduct report irrelevant to the R&R. (ECF No. 73, PageID.671–72). According to Annabel, the misconduct report is relevant and admissible

5

evidence of Fronczak's motive and intent to retaliate against Annabel. (*Id.* at PageID.672–73). Annabel's reading of the R&R, however, misconstrued the magistrate judge's comments about the misconduct report. The R&R said only that the misconduct report had no place in the "present analysis." (ECF No. 71, PageID.655). The R&R made no statement about its admissibility at trial. As a result, Annabel's objection is unfounded and overruled.

### B. Defendant's Objection

Fronczak argued that the magistrate judge wrongfully determined that Annabel met the causation standard of a First Amendment retaliation claim. (ECF No. 75, PageID.684). Namely, Annabel did not establish that his protected conduct (filing grievances on behalf of himself) was the but-for cause of Fronczak's alleged retaliation. (*Id.*). Fronczak's objection raised largely the same causation arguments set forth in his summary judgment motion. *See* ECF No. 63, PageID.518–19. For the same reasons as the magistrate judge, the Court finds that a material dispute of fact exists as to whether Annabel's protected conduct caused the adverse action.

To prevail on a First Amendment retaliation claim, the plaintiff "must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). The defendant's "retaliatory motive . . . must *cause* the injury." *Nieves*, 587 U.S. at 398. The R&R

found that a material dispute of fact existed as to whether Annabel's previous grievances against Fronczak served as the but-for cause of Fronczak's alleged threats. (ECF No. 71, PageID.655).  The Court agrees.

Annabel declared that he filed at least ten grievances against Fronczak prior to August 2023. (ECF No. 65, PageID.575).  On August 29, 2023, Fronczak told Annabel not to write anymore grievances for Campisi or both inmates would receive a ticket. (ECF No. 63-2, PageID.536).  A short while later, Fronczak allegedly told Annabel "[d]on't be writing any more grievances either or you won't get no law library time when I write you a ticket." (ECF No. 63-2, PageID.536).  Based on Fronczak's second alleged threat, a reasonable juror could find that Annabel's personal grievances against Fronczak motivated Fronczak's statement.  And because "temporal proximity by itself is not sufficient to show a causal connection" and is not "strictly necessary" to a retaliation claim, the time between Annabel's last grievance against Fronczak and the August 29 incident does not necessarily diminish a retaliatory motive. *Reynolds-Bey v. Harris*, 428 Fed. App'x 493, 504 (6th Cir. 2011).  Likewise, even if Annabel lacked a protected interest in assisting Campisi, Annabel's numerous prior grievances on his own behalf could certainly have motivated Fronczak's alleged statements.  Given that Annabel's own grievances are protected conduct, a material dispute of fact still exists as to the cause of Fronczak's threat to Annabel.  The Court will therefore overrule Fronczak's objection.

### III.  Conclusion

For the reasons given, IT IS ORDERED that Annabel's objections to the magistrate judge's report and recommendation (ECF No. 73) are OVERRULED.

IT IS FURTHER ORDERED that Fronczak's objection to the magistrate judge's report and recommendation (ECF No. 75) is OVERRULED.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (ECF No. 71) is ADOPTED.

IT IS FURTHER ORDERED that Fronczak's motion for summary judgment (ECF No. 63) is DENIED.

Dated: February 4, 2026                         s/Robert J. White
                                                Robert J. White
                                                United States District Judge